**NO. 25-20433**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

JOHN DIMECH,
***Plaintiff-Appellant***

v.

SHELL TRADING (US) CO.,
***Defendant-Appellee***

---

On Appeal from Cause No. 4:25-CV-00252
In the United States District Court for the Southern District of Texas,
Houston Division

---

# REPLY BRIEF OF APPELLANT

---

David J. Quan
Texas Bar No. 16422300
*dquan@davidquanlaw.com*
LAW OFFICE OF DAVID J. QUAN
4545 Bissonnet St., Suite 298
Bellaire, Texas 77401
Telephone: (713) 225-5300
Facsimile: (713) 583-9795

**ATTORNEY FOR APPELLANT**

## TABLE OF CONTENTS

Table of Contents....................................................................................i

Table of Authorities..............................................................................iii

Introduction and Summary of Argument……………………………………1

Argument……………………………………………………………………………3

I. STUSCO Cannot Cure the District Court's Reliance on New Reply Arguments and Evidence by Blaming Dimech for Not Moving to Strike……………………………….3

A. The district court had an independent, self-executing duty either to allow a response or to decline to consider STUSCO's new reply material.......3

B. STUSCO's reply material was new as its own labeling confirms. ..........................................................................6

C. STUSCO's forfeiture authorities are inapposite…….. 8

II. Dimech Preserved the Dispositive Issue — the Clause's Scope……………………………………………………………………11

A. The scope issue was joined and decided, which preserves every argument bearing on it…………………11

B. STUSCO's mandatory and enforceable waiver argument attacks a straw man……………………………13

III. The Forum-Selection Clause Does Not Reach Dimech's Commercial Bonus Program Claims………………………….14

A. Section 11(c) and the defined term "Award" limit the

Rules to Conditional Bonus Plan Awards……………14

B. STUSCO's "intertwined" theory depends entirely on the improper reply evidence — and fails on its own terms……………………………………………………16

C. At a minimum, the cash components of the claim cannot support dismissal………………………………18

IV. The District Court's Choice-of-Law Error Was Not "Immaterial."…………………………………………………….20

V. The District Court's Choice-of-Law Error Was Not "Immaterial." ………………………………………………………22

Conclusion……………………………………………………………………….23

Certificate of Compliance…………………………………………………………25

Certificate of Service…………………………………………………………….26

# TABLE OF AUTHORITIES

## Cases

*Arredondo v. Elwood Staffing Servs., Inc.*
81 F.4th 419 (5th Cir. 2023) ........................................................ 12

*Freeman v. Cnty. of Bexar*
142 F.3d 848 (5th Cir. 1998) ........................................................ 10

*Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.,*
99 F.4th 770 (5th Cir. 2024).......................................... 2. 4, 5, 6. 7

*Jones v. Cain,*
600 F.3d 527 (5th Cir. 2010) .......................................................... 8

*La Union del Pueblo Entero v. Abbott*
29 F.4th 299 (5th Cir. 2022)......................................................... 12

*MCI Telecommunications Corp. v. Texas Utilities Electric Co.*,
995 S.W.2d 647 (Tex. 1999).............................................. 14, 15, 22

*Morin v. Moore*
309 F.3d 316, 328 (5th Cir. 2002)................................................8

*New Cingular Wireless, LLC v. City of Brownsville, Texas,*
Civil Action No. 1:19-cv-91, 2019 WL 8499340, *11 (S.D. Tex. Dec.20,2019) ........................................................................................ 8

*O'Shaughnessy v. Young Living Essential Oils*, L.C.,
810 Fed. App'x 308 (5th Cir. 2020) .............................................. 16

*Pers. Sec. & Safety Sys. Inc. v. Motorola Inc.*,
297 F.3d 388 (5th Cir. 2002 ........................................................ 14

*Pinto Tech. Ventures, L.P. v. Sheldon,*
526 S.W.3d 428 (Tex. 2017) ............................................. 14. 15, 17

*Shambaugh & Son, L.P. v. Steadfast Ins. Co,*
91 F.4th 364 (5th Cir. 2024)...................................................... 9. 12

*Springs Indus., Inc. v. Am. Motorists Ins.*,
137 F.R.D. 238 (N.D. Tex. 1991) ........................................................ 8

*Weber v. PACT XP Technologies, AG*,
811 F.3d 758 (5th Cir. 2016).................................... 12, 13, 18. 21, 22

## INTRODUCTION AND SUMMARY OF REPLY

Shell Trading U.S. Company ("Appellee" or "STUSCO")'s response confirms, rather than dispels, the errors that require reversal. Its brief rests on two posts, and both fail.

First, STUSCO tries to convert its own questionable litigation conduct into Dimech's forfeiture. Appellee concedes, as it must, that it rested its motion to dismiss solely on the Conditional Bonus Plan Rules thereby completely failing to recognize that Appellant's claim is based on the Commercial Bonus Program; the words "Conditional Bonus Plan" are not stated anywhere in Dimech's pleadings. Only in its reply did STUSCO introduce a Supplemental Factual Background section and a second declaration to even raise its contention that the Commercial Bonus Program and the Conditional Bonus Plan are wholly intertwined.[1,2] STUSCO now argues that Dimech waived any objection by not moving to strike the reply or to file a sur-reply. But under this Court's controlling decision in *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770 (5th Cir. 2024), the duty runs

[1] Brief of Appellant at 23
[2] Brief of Appellant at 25

the other way: when a movant raises new arguments or evidence for the first time in a reply, "the district court **must** either give the other party an opportunity to respond or decline to rely on the new arguments and evidence."[3] That obligation is the court's, and it is not contingent on the non-movant's filing a motion. The district court did neither. It relied on the new material as the whole basis for dismissal. That was an abuse of discretion.

Second, on the merits, STUSCO defends a forum-selection clause that, by its own terms, does not reach Dimech's claims. The clause governs disputes arising under or in connection with these Rules or any Award, and the Rules define Award as any award made under these Rules, i.e., Conditional Bonus Plan Awards.[4,5] A separate provision, Section 11(c), states expressly that the Rules do not form part of the employment contract and that employment rights and obligations are separate from, and are not affected by, these Rules.[6] Read as a whole – as any body of contract law requires – the Rules govern the Conditional Bonus Plan, not the Commercial Bonus Program compensation that is

[3] *Georgia Firefighters' Pension Fund*, 99 F.4th at 774.
[4] Brief of Appellant at 27
[5] Brief of Appellant at 35
[6] Brief of Appellant at 29

the basis for Dimech's lawsuit. The intertwined theory that Plaintiff attempts to assert to rebut exists solely because of the very reply evidence the district court should not have considered.

STUSCO's remaining points – that Dimech conceded the clause is mandatory and enforceable, that the choice-of-law error was "immaterial," and that the district court's factual mistakes were harmless – either miss the issue actually presented or depend on the same flawed premise. Accordingly, the judgment should be reversed.

## ARGUMENT

### I. STUSCO Cannot Cure the District Court's Reliance on New Reply Arguments and Evidence by Blaming Dimech for Not Moving to Strike.

#### A. The district court had an independent, self-executing duty either to allow a response or to decline to consider STUSCO's new reply material.

STUSCO seeks to divert attention away from its misstep in introducing new evidence and a new argument in its Reply brief by casting the burden onto  Dimech and claiming that because he did not move to strike STUSCO's Reply or seek leave for a Sur-Reply before the

M&R issued, then he purportedly forfeited any complaint.[7,8] However, that argument misstates the governing rule.

This Court recently held that although sur-replies are heavily disfavored, when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence.[9] The duty is the district court's own, and it is framed in mandatory terms. It flows from a first principle of the adversarial system – that both sides receive a full and fair opportunity to be heard – not from any motion the nonmovant must first file.[10] Indeed, this Court has recognized that even absent any request, a court retains the discretion to decline to consider new evidentiary materials injected in a reply.[11]

STUSCO thus has the burden backwards. The question is not whether Dimech asked the court to disregard the new material; it is whether the court, having been given new arguments and evidence in reply, either afforded a response or declined to rely on them. It did

[7] Appellee's Brief at 38
[8] Appellee's Brief at 41
[9] *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770 (5th Cir. 2024)
[10] *Id.*
[11] *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238 (N.D. Tex. 1991)

neither. The Magistrate Judge's Memorandum and Recommendation ("M&R") adopted STUSCO's new intertwined theory "whole cloth," mirroring STUSCO's wholly intertwined characterization in its finding that the two programs are "inextricably intertwined," and citing the second Verdon declaration to connect the Conditional Bonus Plan to the Commercial Bonus Program.[12,13] Thus, there can be no dispute that the M&R relied upon the new evidence and argument that STUSCO submitted for the first time in its Reply. This Court has held that if a district court does not provide the non-movant with an opportunity to respond to arguments and evidence raised for the first time in a reply brief and relies on the new arguments and evidence, it abuses its discretion.[14]

STUSCO's proposed rule – that a trial court may rely on new reply material unless the nonmovant affirmatively moves to strike or for a sur-reply – is precisely the rule this Court rejected. In Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp., 99 F.4th 770 (5th Cir. 2024), the nonmovant *did* move for leave to file a sur-reply and the district court

---

[12] Brief of Appellant at 25
[13] Brief of Appellant at 25
[14] *Georgia Firefighter's Pension Fund*, 99 F.4th at 774.

denied it; this Court still reversed, because the new material could not properly ground the decision.[15]

STUSCO would have this Court punish Dimech for not taking a step that, even when taken, would not necessarily have cured the error. The adversarial-fairness principle that animates the rule cannot be satisfied by shifting to the nonmovant the burden of policing the movant's improper reply.

### B. STUSCO's reply material was new as its own labeling confirms.

STUSCO insists its reply arguments were not actually new but merely rebutted Dimech's response.[16] The record refutes that. STUSCO's motion to dismiss argued only that Dimech's claims arose under the Conditional Bonus Plan. When Dimech responded to STUSCO's motion by noting that Defendant had wrongly addressed a separate component of compensation, his Commercial Bonus Program compensation, and that the words "Conditional Bonus Plan" were never referenced in his lawsuit, STUSCO was forced to advance a new theory: that the Rules governing

---

[15] *Id.*
[16] Appellee's Brief at 37

the Conditional Bonus Plan reach the Commercial Bonus Program because the two are interrelated.[17]

The facts that STUSCO was raising a new argument and supporting it with new evidence separate and apart from its motion were clear by STUSCO's own filings. STUSCO all but conceded that its Reply was introducing an argument for the first time with evidence that had not previously been offered by captioning the relevant section of its reply Supplemental Factual Background, and by supporting it with a second declaration from its Vice President of Human Resources that, for the first time, described the purported scope of the Conditional Bonus Plan and its supposed relationship to the Commercial Bonus Program.[18,19]

STUSCO's Reply is the epitome of new matter. In *Georgia Firefighters' Pension Fund*, the district court characterized the movant's reply as "'squarely respond[ing]'" to the opposition and that it "'didn't introduce new arguments or evidence.'"[20] However, this Court disagreed, holding that a new expert report and evidence presented for the first time in reply were new evidence the nonmovant had no fair chance to

[17] Brief of Appellant at 23
[18] Brief of Appellant at 23
[19] Brief of Appellant at 24
[20] *Georgia Firefighters' Pension Fund*, 99 F.4th at 773.

address.[21] A second declaration supplying the dispositive factual predicate for dismissal is no different. As a district court has stated in this Circuit has stated, "[i]t cannot seriously be disputed that a movant is obligated to file with a motion the evidentiary materials necessary to justify the relief it seeks."[22] A reply brief that presents new supporting evidence by way of new affidavits and exhibits deprives the nonmovant of a meaningful opportunity to respond.[23] And arguments raised for the first time in a reply brief are generally waived.[24]

### C. STUSCO's forfeiture authorities are inapposite.

The authority that STUSCO cites to support its contention that Appellant forfeited his objection by raising it only in his objections to the M&R, STUSCO rests its argument on a case that has critical distinctions that undermine its application to the present matter. Furthermore, the interpretation that STUSCO offers for this holding would put it in conflict with other holdings of this Court. Accordingly, STUSCO's forfeiture argument should be disregarded.

---

[21] *Id.* at 774.
[22] *Springs Indus., Inc*, 137 F.R.D. at 239.
[23] *Id.* at 239-40.
[24] *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010); *Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002); *New Cingular Wireless, LLC v. City of Brownsville, Texas*, Civil Action No. 1:19-cv-91, 2019 WL 8499340, *11 (S.D. Tex. Dec. 20, 2019).

The authority upon which STUSCO bases its position that Dimech forfeited his objections to the evidence and argument that Appellee raised for the first time in its reply brief is *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364 (5th Cir. 2024).[25] The facts in this matter however involve a party's failure to raise its *own affirmative legal arguments* before the magistrate judge.[26] Critically, the Shambaugh case did not involve a situation in which a moving party had introduced new evidence and/or new arguments for the first time in its reply brief. Accordingly, it does not hold that a nonmovant forfeits the right to object to the movant's improper *reply* by not moving to strike. As the improper-reply rule of *Georgia Firefighters' Pension Fund* is more in-line with the issues present in this situation, it and the duty it places on the court to disregard the new evidence and argument or provide an opportunity to respond governs this matter.

The distinction matters for a second reason. This Court has squarely held that the magistrate-forfeiture rule treats only legal issues, not evidentiary issues, and that applying waiver to *new evidence* on de

[25] Appellee's Brief at 21.
[26] *Shambaugh & Son, L.P.*, 91 F.4th at 370.

novo review would conflict with the district court's statutory authority to receive further evidence under 28 U.S.C. § 636(b)(1) and Rule 72(b).[27] In his objections to the M&R, Dimech's objection to the second Verdon declaration was an evidentiary objection; it was not subject to the legal-argument forfeiture rule STUSCO invokes. As the district court retained full authority to consider to consider Dimech's evidentiary objection. Given that STUSCO had not included all necessary evidence to obtain the relief sought in its motion to dismiss but instead included the new evidence in a reply, the district court erred when it failed to sustain Dimech's objections to the consideration of this evidence.

Appellee's "forfeiture" argument is built on an interpretation of inapposite caselaw with an interpretation that conflicts with more applicable caselaw from this Court. Moreover, the "forfeiture" argument fails to address the district court's incorrect determination to allow the new evidence to be considered when it adopted the M&R over Dimech's evidentiary objections. Accordingly, STUSCO's efforts to contend that Dimech forfeited his arguments should not prevail.

---

[27] *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998).

## II. Dimech Preserved the Dispositive Issue — the Clause's Scope.

While STUSCO argues that Dimech waived his whole-document (i.e., Section 11(c)) and choice-of-law arguments by not pressing them before the magistrate judge, the premise of Appellee's position is misplaced.[28] The dispositive issue those points support – whether the clause reaches Dimech's claims – was squarely presented and decided below, and a party may refine on appeal the reasoning behind a preserved legal issue.

### A. The scope issue was joined and decided, which preserves every argument bearing on it.

Dimech preserved the only issue that matters: whether the clause *applies to his claims*. From his opposition forward, Dimech argued that his causes of action arise from the Commercial Bonus Program, not the Conditional Bonus Plan Award that Defendant has hung its hat on and therefore fall outside the Rules.[29] The magistrate judge squarely addressed and rejected that contention, holding the clause reached his claims.[30] In this Circuit, an argument is not waived on appeal if the

---

[28] Appellee's Brief at 42
[29] Appellee's Brief at 18
[30] Appellee's Brief at 47

argument on the issue before the district court was sufficient to permit the district court to rule on it.[31,] That standard is met: the scope issue was fully joined and decided. As a result, Dimech's supporting points that STUSCO alleges that Dimech waived are not new *claims*. They are arguments on a question the court necessarily resolved.

Two settled principles confirm that the Court may consider them. First, the scope of a forum-selection clause is a question of contract interpretation this Court reviews de novo,[32] and a party is free to sharpen on appeal the reasoning supporting an issue it preserved below.

Second, this case bears none of the marks that drove the forfeiture holding in *Shambaugh & Son, L.P.*, where the district court did not address those new arguments and the record was undeveloped, leaving nothing to review.[32] Here the district court *did* decide the clause's scope, on a complete documentary record consisting of the Rules themselves. The forfeiture concern animating *Shambaugh & Son, L.P.* is therefore absent.

---

[31] *Arredondo v. Elwood Staffing Servs., Inc.*, 81 F.4th 419, 429 (5th Cir. 2023); *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 306 (5th Cir. 2022)
[32] *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016).
[32] *Shambaugh & Son, L.P.* supra.

### B. STUSCO's mandatory and enforceable waiver argument attacks a straw man.

STUSCO also argues that Dimech waived any challenge to the clause being mandatory and enforceable. [33,34] But Dimech does not contend the clause is permissive or unenforceable as to Conditional Bonus Plan Awards. Appellant's argument is with regard to the scope of the forum-selection clause; he contends it does not *reach* his Commercial Bonus Program claims.

Those are analytically distinct inquiries. As this Court explained in *Weber*, the question of enforceability is analytically distinct from the issue of interpretation: "[o]nly after the court has interpreted the contract to determine whether it is mandatory or permissive does its enforceability come into play." [35] Conceding that a clause is mandatory and enforceable as to the disputes it covers says nothing about whether it covers *these* disputes. STUSCO conflates the two to manufacture a concession Dimech never made.

---

[33] Appellee's Brief at 28
[34] Appellee's Brief at 31
[35] *Weber*, 811 F.3d at 770.

## III. The Forum-Selection Clause Does Not Reach Dimech's Commercial Bonus Program Claims.

### A. Section 11(c) and the defined term Award limit the Rules to Conditional Bonus Plan Awards.

A forum-selection clause does not stand alone. This Court must interpret the forum selection clause in the context of the entire contractual arrangement and . . . give effect to all of the terms of that arrangement.[36] Texas law is the same: forum-selection clauses are creatures of contract, construed to give effect to the parties' intent as expressed in the four corners of the document, harmonizing every provision so that none will be meaningless.[37,38] The district court did the opposite. It read Section 14 in isolation and never mentioned Section 11(c).[39]

If the document is read in whole, the Rules disclaim the very reach STUSCO asserts. The clause covers disputes arising under or in connection with these Rules or any Award, and Award is defined as any award made under these Rules.[40,41] The Commercial Bonus Program is

---

[36] *Personal. Security. & Safety Sys. Inc. v. Motorola Inc.*, 297 F.3d 388, 395 (5th Cir. 2002).
[37] *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428, 443 (Tex. 2017).
[38] *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 652 (Tex. 1999)
[39] Brief of Appellant at 28
[40] Brief of Appellant at 27
[41] Brief of Appellant at 35

not an award made under the Conditional Bonus Plan Rules. Section 11(c) removes any doubt: the Rules "do not form part of an Employee's contract of employment, and employment rights and obligations . . . are separate from, and are not affected by, these Rules or any Awards made."[42] Dimech's claims concern exactly those employment rights and obligations – his entitlement to Commercial Bonus Program compensation. To read the clause to swallow those claims would render Section 11(c) meaningless, contrary to the whole-document mandate of contractual interpretation.[43]

The Texas Supreme Court's analysis in *Pinto Tech. Ventures, L.P. v. Sheldon*, 526 S.W.3d 428 (Tex. 2017) is directly on point. There, the parties agreed to litigate disputes arising out of a shareholders agreement in Delaware; the Court held that clause did not reach a separate and distinct financing agreement, even though disputes over the shareholders agreement might concern other events connected with the transaction.[44] So too here: a clause tied to the defined Rules and "Award[s]" of the Conditional Bonus Plan does not reach the separate

[42] Brief of Appellant at 29
[43] *MCI Telecommunications Corp.*, 995 S.W.2d at 652.
[44] *Pinto Tech. Ventures, L.P.*, 526 S.W.3d at 445-47.

Commercial Bonus Program, whatever incidental connection the two compensation components may have.

That an agreement can limit its own reach by its terms is settled; where limiting language appears, courts give it effect.[45]

### B. STUSCO's intertwined theory depends entirely on the improper reply evidence and fails on its own terms.

STUSCO's whole case for applying the forum selection clause from the Conditional Bonus Plan is that Dimech's $8,170,000 award was a single payment, roughly 40% of which was contributed to the Conditional Bonus Plan. STUSCO's reasoning is that challenging the total necessarily challenges the Conditional Bonus Plan Award.[46,47] However, Appellee's theory has two fatal problems.

First, it rests entirely on the second Verdon declaration and the Supplemental Factual Background – the reply material the district court should never have considered.[48] Strip that material away, as this Court's holding in *Georgia Firefighters' Pension Fund* requires, and nothing in the record supports treating the two programs as one.

---

[45] *O'Shaughnessy v. Young Living Essential Oils, L.C.*, 810 F. App'x 308, 312 n. 6 (5th Cir. 2020)
[46] Appellee's Brief at 19
[47] Appellee's Brief at 23
[48] Brief of Appellant at 25

The scope question then turns on the text alone: the defined Award, Section 14, and Section 11(c) – all of which confine the Rules to the Conditional Bonus Plan. The procedural error and the merits error are therefore not independent; the former manufactured the factual predicate for the latter.

Second, even crediting STUSCO's own account, its logic does not follow. Whether Dimech's claims arise under or in connection with the Rules depends on a common-sense examination of the substantive factual allegations, and a clause is denied force where the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract.[49] Dimech's claims can be – and are – maintained entirely by reference to the Commercial Bonus Program's calculation methodology, without reference to the Conditional Bonus Plan Rules, the vesting conditions of any Award, or the construction of those Rules. The mere fact that a downstream, optional deferral was funded from a portion of the bonus does not make a dispute about how the bonus was *calculated* a dispute under the Rules that govern the deferral.

[49] *Pinto Tech. Ventures*, 526 S.W.3d at 440.

STUSCO's reliance on Dimech's own description of the compensation timeline cuts against it.[50] That timeline shows the Commercial Bonus Program amount is determined and largely paid – the first $100,000 plus 60% of the remainder – *before* any employee elects whether to participate in the Conditional Bonus Plan with what is left.[51,52] The Conditional Bonus Plan is a separate, deferred, and conditional program the employee must separately accept.[53] The sequence confirms that the Commercial Bonus Program and the Conditional Bonus Plan are two distinct components, not one.

### C. At a minimum, the cash components of the claim cannot support dismissal.

This argument requires no separate preservation: it is a direct legal consequence of the clause's text, which this Court construes *de novo*,[54] and it follows inexorably from the scope issue Dimech joined below. Even taking STUSCO's own account of the award, the clause cannot support the wholesale dismissal the district court ordered.

---

[50] Appellee's Brief at 21
[51] Brief of Appellant at 17
[52] Brief of Appellant at 18
[53] Brief of Appellant at 18
[54] *Weber*, 811 F.3d at 770.

On STUSCO's numbers, the great majority of the challenged award –the first $100,000 plus 60% of the remainder, roughly $4.94 million – was paid in cash and never entered the Conditional Bonus Plan.[55,56] STUSCO's only theory for applying the clause is that the Conditional Bonus Plan Award comprises a portion of the total; that theory says nothing about the cash components, which by definition are not "award[s] made under these Rules."[57] Nor does it matter that Dimech framed his damages by reference to the total bonus: the clause's reach is fixed by its text, not by how a plaintiff sizes his demand. STUSCO cites no rule under which a defendant can bootstrap non-covered claims into a forum clause by pointing to a single aggregate number. STUSCO's suggestion (fn. 13) that a larger bonus would have sent an additional forty percent into the Conditional Bonus Plan does not change the analysis.[58] That is a counterfactual about a hypothetical award the Bonus Oversight Committee never made – one that depends on the same improperly submitted reply declaration – and Dimech seeks money damages for the underpayment of compensation he was owed, not the adjustment,

[55] Appellee's Brief at 19
[56] Appellee's Brief at 34
[57] Brief of Appellant at 35
[58] Appellee's Brief at 33

vesting, or forfeiture of any Conditional Bonus Plan Award. A claim to recover unpaid cash does not become a dispute arising under the Rules because a differently sized award might, hypothetically, have produced a larger deferral. STUSCO nowhere identifies a basis in the Rules for reaching the cash components, offering instead only a reservation that it does not concede the Rules are inapplicable to them.[59] A bare reservation is not a showing. At the very least, then, the clause cannot govern the cash-component claims, and dismissing Dimech's action in its entirety swept in claims the clause does not reach — an error that independently requires reversal of the wholesale dismissal.

## IV. The District Court's Failure to Conduct a Choice-of-Law Analysis Was Reversible Error, Not an Immaterial Omission.

STUSCO argues it does not matter whether the district court performed a choice-of-law analysis because the clause applies regardless of which jurisdiction's law governs.[60] That is wrong as a matter of law. This Court has held that a federal court sitting in diversity is bound to engage in the ordinary choice-of-law analysis under the *Erie–Klaxon* doctrine to determine which substantive law governs interpretation of a

---

[59] Appellee's Brief at 43
[60] Appellee's Brief at 46

forum-selection clause.[61] A court may pretermit that analysis only when neither party contends that any distinctive feature of the relevant substantive law decides the dispute.[62] Here the parties dispute the governing law, and the district court identified none – it simply applied federal common law drawn from a single district-court decision.[63] That was legal error.

STUSCO cannot fill the gap by pointing to Rule 14's own English choice-of-law provision, because that provision cannot decide its own applicability. The antecedent question is whether the Rules – Section 14 included – govern Dimech's Commercial Bonus Program claims at all. STUSCO cannot answer that threshold question by assuming the very clause whose reach is disputed already applies; the argument is circular. Under *Klaxon*, it is the forum's choice-of-law rules that govern that threshold inquiry, [64] and the district court never engaged them.

The omission was not harmless. Had the court undertaken the required analysis and applied Texas law to the scope question, it would have been bound to harmonize Section 11(c) with Section 14 and give

---

[61] *Weber*, 811 F.3d at 770.
[62] *Id.*
[63] Brief of Appellant at 32
[64] *Weber*, 811 F.3d at 770.

effect to both,[65] and, to the extent any ambiguity survived, to construe it against STUSCO as the sole drafter of the Rules.[66] The court's federal-common-law shortcut supplied neither tool. That is concrete prejudice, not a formality: applying the governing law's interpretive rules leads to the very conclusion the district court avoided, namely that the Rules do not reach the Commercial Bonus Program. Because the district court neither identified nor applied the governing law, its interpretation cannot stand. This Court should identify the governing law, construe the clause *de novo*, and hold that it does not reach Dimech's claims.[67]

## V. The District Court's Factual Errors Are Not Harmless.

STUSCO characterizes the M&R's conflation of the Commercial Bonus Program with the Conditional Bonus Plan – including its reference to a nonexistent CBP Agreement containing the clause – as immaterial slips.[68] They are not. The entire dispute turns on the distinction between the two compensation components. An analysis that interchanges them from its opening paragraph, and that treats any Award as reaching the Commercial Bonus Program despite the Rules' contrary definition,

[65] *MCI Telecommunications Corp.*, 995 S.W.2d at 652.
[66] Brief of Appellant at 31
[67] *Weber*, 811 F.3d at 768.
[68] Appellee's Brief at 47

reflects the same unsupported assumption of interrelationship that STUSCO injected in reply. [69,70] These errors are not incidental to the ruling; they are the ruling. Where the decision below rests on a misreading of the very facts that determine the clause's scope, and where that scope is reviewed de novo, the errors independently confirm that reversal is warranted.

## CONCLUSION

For the foregoing reasons, and those in his opening brief, Appellant John Dimech respectfully requests that this Court reverse the district court's order adopting the Memorandum and Recommendation and dismissing his claims for forum non conveniens, and remand so that he may pursue his claims in the United States District Court for the Southern District of Texas.

[69] Brief of Appellant at 34
[70] Brief of Appellant at 35

Respectfully submitted,

LAW OFFICE OF DAVID J. QUAN

By: *<u>/s/ David J. Quan</u>*
David J. Quan
***dquan@davidquanlaw.com***
State Bar No. 16422300
4545 Bissonnet St., Suite 298
Bellaire, Texas 77401
(713) 225-5300 – Telephone
(713) 583-9795 – Facsimile

**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated Reply Brief of Appellant contains 4,393 words.

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32(A)(7)(B) because:

- this brief contains 4,393 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(f).

2. This brief also complies with the typeface requirements of FED. R. APP. P. 32(A)(5) and the type requirements of FED. R. APP. P. 32(A)(6) because:

- this brief has been prepared in a proportionally spaced typeface using Microsoft Word with a 14-point font named Century Schoolbook.

*/s/ David J. Quan*
David J. Quan
August 28, 2026

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record by electronic filing in accordance with the Federal Rules of Appellate Procedure on August 28, 2026.

Shauna Johnson Clark
***shauna.clark@nortonrosefulbright.com***
Heather Sherrod
***heather.sherrod@nortonrosefulbright.com***
Warren Huang
***warren.huang@nortonrosefulbright.com***
NORTON ROSE FULBRIGHT US LLP
1550 Lamar St., Suite 2000
Houston, TX 77010

*/s/ David J. Quan*
David J. Quan